# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cv-01129-JAR |
| | ) | |
| SAILORMEN, INC. | ) | |
| *doing business as* | ) | |
| POPEYE'S CHICKEN & BISCUITS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File his Second Amended Petition/Complaint (Doc. 9), Plaintiff's Motion for Remand (Doc. 10), and Plaintiff's Motion for Leave to file his Third Amended Petition/Complaint[1] (Doc. 13). The Motions are fully briefed and ready for disposition. For the following reasons, Plaintiff's Motions will be granted.

## I. BACKGROUND

On June 16, 2015, Plaintiff filed this action against Defendant Sailormen, Inc. d/b/a Popeye's Chicken & Biscuits ("Sailormen") for violation of, and retaliation under, the Missouri Human Rights Act (Doc. 2). On June 25, 2015, Plaintiff filed his First Amended Petition (Doc. 3). Sailormen removed this action to federal court on July 22, 2015 pursuant to 28 U.S.C. § 1332 (Doc. 1). On August 11, 2015, Plaintiff filed a Motion for Leave to File his Second Amended Petition/Complaint (Doc. 9). In his Motion, Plaintiff requests leave to add an additional party, his

---

[1] Plaintiff appears to have filed the incorrect document attached as an exhibit to his Motion for Leave to file his Third Amended Petition/Complaint (Doc. 13-1). Instead of a copy of the Third Amended Petition/Complaint, Plaintiff filed a document for another case. Although Sailormen indicates that it was accordingly unable to evaluate any additional grounds to object to the amendment, the Court need not address this issue because the Court finds the grounds asserted by the Parties to be dispositive.

supervisor, Josephine Tanner ("Ms. Tanner"). Concurrently, Plaintiff filed a Motion to Remand Case to State Court (Doc. 10). Plaintiff requests that the Court remand the cause of action to the Circuit Court for the Twenty First Judicial Circuit, St. Louis County, Missouri because the Parties are no longer diverse as Ms. Tanner is a citizen of the state of Missouri. Plaintiff additionally asserts that diversity jurisdiction is lacking because the amount in controversy has not been reached. Plaintiff subsequently filed a Motion for Leave to file his Third Amended Petition/Complaint in which he seeks leave to also add his General Manager, Rhonda Williams ("Ms. Williams"), as another additional party (Doc. 13). Ms. Williams is also a citizen of the state of Missouri.

Sailormen responds that Plaintiff's Motions to Amend and Motion to Remand should be denied because neither the addition of Ms. Tanner nor Ms. Williams could withstand a Motion to Dismiss (Docs. 12, 16). Specifically, Sailormen asserts Ms. Tanner was not Plaintiff's supervisor and neither Ms. Tanner nor Ms. Williams were properly named in the Missouri Commission on Human Rights ("MCHR") charge of discrimination. Furthermore, Sailormen argues, the joinder of Ms. Turner and Ms. Williams is fraudulent and solely for the purpose of destroying diversity jurisdiction.

## II. ANALYSIS

### A.    Motions to Amend

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings. "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, parties do not have an absolute right to amend their pleadings, even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). A district court appropriately denies a movant leave to amend if "there are compelling reasons such

as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). *See also Nadist, LLC v. Doe Run Resources Corp.*, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (quoting *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)). An amendment is futile if "the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed. R. Civ. P." *Lexington Ins. Co. v. S & N Display Fireworks, Inc.*, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011) (citing *Bakhtiari v. Beyer*, 2008 WL 3200820, at *1 (E.D. Mo. Aug. 6, 2008)). Whether to grant a motion for leave to amend is within the discretion of the Court. *Nadist*, 2009 WL 3680533, at *1.

First, Sailormen asserts that Plaintiff should not be able to amend his complaint to include Ms. Tanner because she was not Plaintiff's supervisor and therefore Plaintiff's MHRA claim against her would not survive a motion to dismiss. Sailormen argues that although Plaintiff alleges that Ms. Tanner was his supervisor, this allegation is not true. Instead, Ms. Tanner was an hourly crew member at Sailormen and had no supervisory authority over Plaintiff. In his reply, Plaintiff argues that Ms. Tanner had supervisory capacity over him because Plaintiff was in a manager in training program and Ms. Tanner was a certified trainer. Although acting as a subordinate, Ms. Tanner had the ability to make reports regarding Plaintiff's training progress which could negatively impact his employment.

The Parties do not dispute that under the MHRA a complaint can be made both against an employer and a supervisor. MO. REV. STAT. § 213.010.7 (" 'Employer' includes . . . any person employing six or more persons within the state, and any person directly acting in the interest of an employer."). Plaintiff asserts that Ms. Tanner had supervisory capacity over Plaintiff and in

his Second Amended Petition/Complaint alleges that Ms. Tanner was Plaintiff's supervisor (Doc. 9-1 at ¶3). While the extent the supervision is unclear, that is not for this Court to decide. "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (internal quotations omitted).

Next, Sailormen argues that Plaintiff should not be allowed to amend his complaint to include either Ms. Tanner or Ms. Williams because Plaintiff failed to name them in his MCHR complaint and accordingly his MHRA claims against them would not survive a motion to dismiss. However, the Supreme Court of Missouri has held that "the failure to make [an individual] a party at the administrative action before the EEOC or the Missouri Commission on Human Rights ('MCHR') will bar suit against him only if it resulted in prejudice." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 662 (Mo. banc 2009). "Because *Hill* holds that there are circumstances under which the case can proceed, despite the failure to name an individual defendant in the administrative charge, district courts have concluded that there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Parker v. Pinnacle Entm't, Inc.*, No. 4:14 CV 791 RWS, 2014 WL 3827232, at *2 (E.D. Mo. Aug. 4, 2014) (listing cases) (internal quotations omitted).

Accordingly, the Court will grant Plaintiff's Motions to Amend and allow Plaintiff to add Ms. Tanner and Ms. Williams as Defendants in this matter.

**B.      Motion to Remand**

Upon review of the Motions to Amend and the Motion to Remand, the Court finds the

Plaintiff intended to apply the Motion to Remand to the Third Amended Petition/Complaint. Regardless, "[co]urts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Plaintiff alleges that he, Ms. Tanner, and Ms. Williams are citizens of the state of Missouri. Because the Court has allowed Plaintiff to amend his complaint to include Ms. Tanner and Ms. Williams as Defendants, the Parties are no longer diverse and, regardless of the amount in controversy, this Court lacks jurisdiction to hear the case. Accordingly, the Court will grant Plaintiff's Motion to Remand as construed to apply to the Third Amended Petition/Complaint and remand this case to the Circuit Court for the Twenty First Judicial Circuit, St. Louis County, Missouri.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File his Second Amended Petition/Complaint (Doc. 9) and Plaintiff's Motion for Leave to file his Third Amended Petition/Complaint (Doc. 13) are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the Twenty First Judicial Circuit, St. Louis County, Missouri. A separate order of remand will accompany this Memorandum and Order.

Dated this 25th day of February, 2016.

_____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**